UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHONDREY ARRINGTON,

|  |  |  |
|---|---|---|
| | Plaintiff, | Civil Action No. 21-12433 |
| v. | | Terrence G. Berg<br>United States District Judge |
| DEPUTY BOOSE, *et al.*, | | David R. Grand<br>United States Magistrate Judge |
| | Defendants. | |

_____/

**REPORT AND RECOMMENDATION TO
DISMISS PLAINTIFF'S COMPLAINT AS AGAINST
"NURSE ASHLEY" FOR FAILURE TO PROSECUTE**

On October 4, 2021, *pro se* plaintiff Shondrey Arrington ("Arrington"), an

incarcerated person, commenced this civil rights action pursuant to 42 U.S.C. § 1983

against defendants Deputy Boose, Deputy Payne, Deputy Thorton, and "Nurse Ashley."[1]

(ECF No. 1).  Pursuant to the Court's Order (ECF No. 8), the United States Marshal Service

attempted service by U.S. mail of a Notice of a Lawsuit and Request to Waive Service of

a Summons upon each of the defendants in this matter at the addresses Arrington provided

in his complaint.  Defendants Boose, Payne, and Thorton were served, and counsel entered

notices of appearance on their behalf (ECF Nos. 11, 13); however, there is no indication

that "Nurse Ashley" was served.

---

[1] Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned.  (ECF No. 9).

As a result, on February 28, 2022, the Court issued an Order directing Arrington to provide contact information for "Nurse Ashley" so that service could be effectuated. (ECF No. 20). Arrington's response to this Order was due on or before March 21, 2022. (*Id.*). Arrington was warned that, should he fail to timely comply with the Court's Order, he may be required to show cause why this action should not be dismissed, without prejudice, as against "Nurse Ashley."

On April 11, 2022, when no response had been filed, the Court issued an order requiring Arrington to show cause why this action should not be dismissed, as against "Nurse Ashley," for failure to provide information that would allow for service of process to be completed. (ECF No. 24). Although a response was due on April 29, 2022, the Court subsequently granted Arrington an extension of time to May 30, 2022. (ECF No. 26). To date, however, no response to the Court's Order to Show Cause has been filed.

A court may dismiss an action under Fed. R. Civ. P. 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. In deciding whether to dismiss for these reasons, a court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the delinquent party's conduct; (3) whether the delinquent party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Applying these principles to the instant case, the Court finds that three of the four factors weigh in favor of dismissal.[2]  First, despite the Court putting Arrington on notice of his failure to provide an address at which "Nurse Ashley" could be served, he has failed to respond to the Court's Order to Show Cause, or to otherwise take steps to ensure that service can be accomplished.  While the Court does not presume this is the result of bad faith or willfulness, Arrington is clearly at fault for failing to provide the Court with an address at which "Nurse Ashley" can be served.

The third and fourth factors also weigh in favor of dismissal in light of the Court's Order to Show Cause; Arrington simply failed to respond to that order, which was issued weeks ago.  (ECF No. 24).  Thus, Arrington has been on notice of his failure to provide a sufficient address for "Nurse Ashley" for weeks and has taken no steps to remedy this deficiency.

Having considered the relevant factors, it is appropriate to dismiss this action, as against "Nurse Ashley," pursuant to Rules 4(m) and 41(b) due to Arrington's failure to provide a sufficient address for service, as well as his failure to comply with the Court's Order to Show Cause.  Under Rule 4(m), such a dismissal should be without prejudice. Accordingly, the Court **RECOMMENDS** that Arrington's complaint be **DISMISSED WITHOUT PREJUDICE** as against "Nurse Ashley."


Dated: June 13, 2022                           s/David R. Grand
Ann Arbor, Michigan                            DAVID R. GRAND
                                               United States Magistrate Judge

---

[2] The Court can find no prejudice to "Nurse Ashley" by virtue of Arrington's failure to provide a better address for service, and, thus, the second factor is not satisfied here.

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 13, 2022.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager