UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHRONDREY ARRINGTON,

                Plaintiff,         Civil Action No. 21-12433

v.                                       Terrence G. Berg
                                       United States District Judge

DEPUTY BOOSE, *et al.*,         David R. Grand
                                       United States Magistrate Judge

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 33)**

On October 4, 2021, *pro se* plaintiff Shrondrey Arrington ("Arrington"), an incarcerated person currently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed this civil rights action pursuant to 42 U.S.C § 1983. (ECF No. 1). At the time of the events at issue in the complaint, Arrington was a pre-trial detainee confined at the Genesee County Jail ("GCJ") in Flint, Michigan.

In his complaint, Arrington brings Eighth Amendment claims against three GCJ employees – Deputy Thornton, Deputy Boose, and Deputy Payne (collectively "Defendants") – alleging that they inflicted cruel and unusual punishments against him during his time at the GCJ.[1] (*Id.*, PageID.1). Broadly speaking, Arrington primarily alleges

---

[1] Also named as a defendant in Arrington's complaint is an individual identified as "Nurse Ashley." (ECF No. 1, PageID.1). However, on June 13, 2022, this Court issued a Report and Recommendation ("R&R") to dismiss Arrington's complaint as against "Nurse Ashley" for failure

that the defendants poisoned him by putting "battery shavings" in his food, and infected him with sexually transmitted diseases ("STDs"). (*Id.*, PageID.5, 7). Now pending before the Court is Defendants' Motion for Summary Judgment, which was filed on March 15, 2023. (ECF No. 33). Arrington filed a response to Defendants' motion on April 7, 2023 (ECF No. 35), and Defendants filed a reply on April 17, 2023. (ECF No. 36).

Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the parties' briefs and on the record, and it declines to order a hearing at this time.

I.   **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment **(ECF No. 33)** be **GRANTED**.

II.  **REPORT**

    A.   **Factual Background**

At all relevant times, beginning on February 17, 2021, Arrington was a pre-trial detainee, confined at the GCJ, and awaiting trial on charges of assault with intent to do great bodily harm and tampering with a communication device. (ECF No. 33-2, PageID.200). Because of its relevance to the allegations set forth in Arrington's complaint, a brief discussion of his mental health history is necessary. Then, the Court will detail Arrington's specific allegations against each of the named defendants.

---

to prosecute. (ECF No. 27). Arrington did not file objections to the R&R, and it was adopted by the Honorable Terrence G. Berg on July 12, 2022. (ECF No. 29).

*1.     Arrington's Mental Health History*

At his deposition, Arrington testified that, during the early 1990's, he sustained head injuries in "a couple car accidents." (*Id.*, PageID.204). Around this same time, Arrington was diagnosed with schizophrenia. (*Id.*, PageID.210).

Objective records from multiple sources show that Arrington has reported experiencing auditory hallucinations and alleged "poisonings" for years, even prior to his incarceration at the GCJ. For example, in a September 2020 Social Security Administration function report, Arrington stated, "I think people are out 2 kill me and poison me." (ECF No. 33-3, PageID.318) (punctuation altered). Similarly, in the same report, Arrington wrote, "I don't trust people. I can't be in crowds. People I don't know scare me. I think people are out to kill me." (*Id.*, PageID.316) (punctuation altered). He also wrote: "[I] think people are out 2 kill me and poison me[,]" and "[I] feel people want 2 kill me and I has [sic] to stay away from demons." (*Id.*, PageID.318, 319).

Similarly, Arrington's medical records from the Michigan Department of Corrections ("MDOC") include a May 26, 2020, mental health progress note, in which it was noted that Arrington had been "very paranoid" recently; that he suffered from schizophrenia; and that he was "becoming delusional." (*Id.*, PageID.321). At that time, Arrington reported thinking officers were making homosexual remarks about him. (*Id.*, PageID.321-22). And, in a July 22, 2020, MDOC mental health progress note, Arrington professed a belief that his bunkmate was trying to poison him by having another inmate "put something in his food." (*Id.*, PageID.320). In summary, then, while an MDOC inmate

3

(before his time at the GCJ), Arrington made numerous reports of being "poisoned" and often took issue with comments allegedly made by guards.

### 2. Arrington's Allegations in This Case

#### a. Arrington's Allegations against Deputy Thornton

In this case, Arrington alleges that, in July 2021, Deputy Thornton apparently told Arrington he had given him an "aggressive form of an STD" so that all women would know he was a "nasty person." (ECF No. 33-2, PageID.219; *see also* ECF No. 1, PageID.7). Arrington alleges that Deputy Thornton accomplished this by injecting the STD into the "[n]oodles and cheese" Arrington made and consumed in his cell.[2] (ECF No. 33-2, PageID.220-21). Arrington further claims that Deputy Thornton later told him that if he did not receive treatment for the STD, his "butt" and "anus" would "bulge out like a monkey's." (*Id.*, PageID.284). There are no medical records substantiating Arrington's alleged exposure to an STD at GCJ, however.[3]

---

[2] On September 12, 2021 (after the alleged exposure), Arrington made a complaint to a medical writer. (ECF No. 33-6, PageID.373). At that time, Arrington alleged that, the day before, Deputy Thornton "came and told [Arrington] he f***ed a nasty bitch and used a syringe to suck up her juices and came to work and squirted [it] in [Arrington's] food to make [Arrington] get this problem." (*Id.*). However, the medical writer's note indicates that Arrington's "problem" was an inguinal hernia, not an STD. (*Id.*).

[3] As purported proof that Deputy Thornton infected him with an STD, Arrington testified that he went to Hurley Medical Center ("HMC") on September 3, 2021, to treat a pre-existing issue regarding fluid in his testicles (hydrocele). (ECF No. 33-2, PageID.222-223; ECF No. 33-5, PageID.352). He claims that HMC also ran an STD test on him at that time, which allegedly was positive for gonorrhea. (ECF No. 33-2, PageID.222-23). However, the medical records from this visit demonstrate that Arrington tested negative for all STDs, thus refuting Arrington's allegation that he had gonorrhea at the time. (ECF No. 33-5). Moreover, tests performed at GCJ, both before and after Deputy Thornton's alleged actions, also reveal that Arrington did not have an STD. (ECF No. 33-6, PageID.385, 386). And, finally, genital and anal examinations performed on September 28, 2021, revealed no evidence of an STD. (ECF No. 33-7).

### b. Arrington's Allegations against Deputy Boose

In his complaint, Arrington alleges that, in September 2021, Deputy Boose violated his Eighth Amendment rights by putting "battery shavings" in his food.[4] (ECF No. 1, PageID.6-7). At his deposition, Arrington testified that, "[t]o the naked eye," these alleged battery shavings "looked like pepper" and had no taste or smell. (ECF No. 33-2, PageID.248-49). Arrington maintains that he overheard Deputy Boose admit to putting "handfuls of the stuff" in his food; however, he concedes that he never *saw* Deputy Boose put the "poison" in his food. (ECF No. 33-2, PageID.249-50, 262). Arrington also claims that consuming the substance made his stomach hurt and caused him to feel "woozy," but he admitted no doctor ever told him he was ill from these "black dots," and he sought no medical treatment related to this supposed substance. (*Id.*, PageID.257-60).

### c. Arrington's Allegations against Deputy Payne

Finally, Arrington claims that Deputy Payne violated his Eighth Amendment rights when, in September 2021, Deputy Payne allegedly told a nurse to give him (Arrington) the wrong blood pressure medication "as a hoax." (ECF No. 1, PageID.6-7; ECF No. 33-2, PageID.269-70). Arrington contends that because he allegedly received the incorrect dosage of this medication, he was not cured of his alleged STD. (ECF No. 33-2, PageID.287-89). As a result, Arrington claims he experiences nerve pain in his arms,

---

[4] Notably, on September 20, 2021, Arrington was seen by GCJ's mental health services for "paranoid delusional thinking," irritability, and insomnia. (ECF No. 33-6, PageID.387). At that time, Arrington requested that he be put in isolation, believing his girlfriend was "having the deputies poison his food." (*Id.*). He also had visual and olfactory hallucinations, seeing battery shavings in his food and smelling acid. (*Id.*). The note indicates that Arrington had three previous psychiatric hospitalizations. (*Id.*).

5

hands, and legs; pain in his stomach; blurred vision; pain in his kidneys; and feels bugs crawling through his skin and stomach. (*Id.*, PageID.289-90). As noted above, however, there is no indication in Arrington's GCJ records that he was ever diagnosed with an STD or prescribed medication for such a condition.

### B. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (internal quotations omitted).

### C. Analysis

As discussed above, Arrington brings Eighth Amendment claims against Deputies Thornton, Boose, and Payne. The Eighth Amendment prohibits cruel and unusual punishment, including conditions of confinement which "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 345-346 (1981) (internal quotations omitted). A prisoner must demonstrate a prison official deprived him of "the minimal civilized measure of life's necessities" to establish an Eighth Amendment claim. *Turner v. Callington*, No. 13-12744, 2014 WL 1516181, at *5 (E.D. Mich. Apr. 18, 2014) (quoting *Rhodes*, 452 U.S. at 347). It is well settled that both an objective and subjective component must be established to prevail on an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish the objective component, a prisoner must demonstrate "conditions posing a substantial risk of serious harm." *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (quoting *Farmer*, 511 U.S. at 834). To establish the subjective component, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 837). To survive summary judgment, a plaintiff must produce evidence sufficient to allow a reasonable jury to find in his favor on both the objective and subjective prong. *See, e.g., Wagle v. Corizon*, No. 19-

7

13787, 2023 WL 2749147, at *4, 9 (E.D. Mich. Mar. 31, 2023); *Rhinehart v. Scutt*, 894 F.3d 721, 752-53 (6th Cir. 2018).

Arrington first alleges that Deputy Thornton violated his Eighth Amendment rights by injecting an STD into his "noodles and cheese," causing him to contract gonorrhea. (ECF No. 33-2, PageID.219-21). To preserve the protections of the Eighth Amendment, "'inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it.'" *Cooper v. Szostak*, No. 13-14246, 2015 WL 5317268, at *5 (E.D. Mich. Sept. 9, 2015) (quoting *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985)). Moreover, the Sixth Circuit has held that "[c]ontaminated food can constitute an Eighth Amendment violation." *Turner*, 2014 WL 1516181, at *5 (citing *Eaddy v. Foltz*, 782 F.2d 1041 (6th Cir. 1985)). In this case, however, there is no genuine issue of material fact regarding Arrington's allegations that Deputy Thornton contaminated his food with an STD.

As set forth above, Arrington was seen by multiple doctors, underwent detailed genital and anal examinations, and was given STD tests after his alleged exposure. (ECF Nos. 33-5, 33-6, 33-7). All of this testing was negative, and there is no evidence whatsoever that any doctor diagnosed Arrington with an STD.[5] (*Id.*). In an effort to rebut this evidence, Arrington testified at his deposition that Deputy Thornton *told* him that he

---

[5] Arrington disputes the accuracy of his medical records, contending that the doctors misrepresented negative results to hide positive results. (ECF No. 33-2, PageID.293-94). Again, however, there is no evidence supporting this conclusory allegation.

8

gave him gonorrhea and that, as a result, Arrington's "butt" and "anus" would "bulge out like a monkey's." (ECF No. 33-2, PageID.219-21, 284). But, even if Deputy Thornton made such a statement (which would have been entirely inappropriate), Arrington presented no evidence that he actually suffered any sort of negative impact, let alone the specific impact Deputy Thornton told him he would suffer. Thus, Arrington's *allegation* about what Deputy Thornton *said* is insufficient to create a genuine issue of material fact as to either the objective or subjective prongs of his Eighth Amendment claim, and summary judgment should be granted on Arrington's Eighth Amendment[6] claim against Deputy Thornton.[7]

Finally, Arrington alleges that Deputy Boose violated his Eighth Amendment rights by putting "battery shavings" in his food. (ECF No. 1, PageID.7). As discussed above, contaminated food can constitute an Eighth Amendment violation. *See Turner*, 2014 WL

---

[6] Arrington also alleges that, on or about July 22, 2021, Deputy Thornton intercepted a letter from Arrington's former employer and refused to give it to him. (ECF No. 1, PageID.5-6; ECF No. 33-2, PageID.212-13). It is true that repeated instances of interference with a prisoner's mail – "such as repeatedly opening the prisoner's legal mail outside of his presence" – may be actionable. *See Rice v. Bryce*, No. 22-cv-462, 2022 WL 9791377, at *18 (W.D. Mich. Oct. 17, 2022). Here, however, Arrington cites only one instance in which Deputy Thornton allegedly interfered with his mail. Thus, even assuming the truth of Arrington's allegation in this respect, it is not sufficient to establish a constitutional violation. *See Johnson v. Wilkinson*, No. 98-3866, 2000 WL 1175519, at *2 (6th Cir. Aug. 11, 2000) ("This random and isolated interference with Johnson's mail did not violate his constitutional rights."); *Smith v. Goostrey*, No. 22-cv-753, 2022 WL 17579095, at *8 (W.D. Mich. Dec. 12, 2022) (isolated instances of interference with prisoners' mail may not rise to the level of a constitutional violation under the First Amendment).

[7] The same is true with respect to Arrington's Eighth Amendment claim against Deputy Payne. As set forth above, Arrington alleges that Deputy Payne told a nurse to give him the wrong dosage of blood pressure medication, resulting in pain stemming from the STD from which he allegedly suffers. (ECF No. 1, PageID.6-7; ECF No. 33-2, PageID.269-70, 287-90). Because the record is devoid of evidence that Arrington had an STD at any point during the relevant time period, *supra* at 8-9, his Eighth Amendment claim against Deputy Payne fails as well.

1516181, at *5. In this case, however, Arrington has come forward with no competent evidence that Deputy Boose put battery shavings in his food. Indeed, at his deposition, Arrington testified that he never *saw* Deputy Boose put the "poison," i.e., the battery shavings, into his food, which means Arrington has no foundation for his self-serving contrary testimony. (ECF No. 33-2, PageID.249-50, 262). Moreover, despite Arrington's claim that consuming the substance (which Arrington testified "looked like pepper" and had no taste or smell) (*id.*, PageID.248-49) made his stomach hurt and caused him to feel "woozy," he admitted he required no medical treatment as a result of this alleged "poisoning" (*Id.*, PageID.257-58). Thus, there simply is no evidence in the record supporting Arrington's claim that Deputy Boose put battery shavings in his food, or that whatever Arrington consumed caused him significant injury. *See Booher v. Montavon*, 555 F. App'x 479, 484 (6th Cir. 2014) (where the medical evidence plainly contradicted the plaintiff's allegations, there was no genuine issue of material fact for trial); *Davis v. Thomas*, No. 3:13-CV-1711, 2015 WL 4638131, at *9 (M.D. Pa. Apr. 7, 2015) (Eighth Amendment claim fails where plaintiff was not required to seek medical treatment for any alleged medical concerns).[8]

      Thus, Arrington has failed to establish a genuine issue of material fact as to whether

---

[8] In his complaint, Arrington also alleges that Deputy Boose told other inmates he is "gay" and now these inmates want to fight him. (ECF No. 1, PageID.7). Even assuming the truth of this allegation, such a statement does not constitute an Eighth Amendment violation, as mere isolated harassment and verbal statements do not trigger constitutional protections. *See, e.g., Zimmer v. Unknown Metro*, No. 22-cv-200, 2023 WL 1878911, at *3 (W.D. Mich. Feb. 10, 2023) (citing cases).

any of the defendants violated his Eighth Amendment rights.[9] As such, summary judgment should be granted in favor of Deputies Thornton, Boose, and Payne.

## III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment **(ECF No. 33)** be **GRANTED** and that the case be **DIMISSED**.

Dated: August 23, 2023  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of*

---

[9] Arrington's response to Defendants' motion for summary judgment (ECF No. 35) does nothing to support his claims. Rather, he merely asks that Defendants' motion "not be granted based on the evidence that [he] were [sic] already awarded a large compensation that the Genesee County Jail administration are [sic] keeping from [him]." (*Id.*, PageID.412). In the face of the above-referenced significant record evidence demonstrating that summary judgment is appropriate, Arrington's vague assertion fails to establish a genuine issue of material fact as to any of his claims. *See Alexander*, 576 F.3d at 558.

*HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 23, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
