UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SHONDREY ARRINGTON,**<br><br>Plaintiff,<br><br>vs.<br><br>**DEPUTY BOOSE,** *et al.***,**<br><br>Defendants. | **2:21-CV-12433-TGB-DRG**<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 40)**<br><br>**AND DENYING PLAINTIFF'S REQUESTS FOR RECRUITED COUNSEL (ECF NOS. 42 & 43)** |

This matter is before the Court on Magistrate Judge David R. Grand's August 23, 2023 Report and Recommendation (ECF No. 40), recommending that Defendants' Motion for Summary Judgment (ECF No. 33) be granted, and that this case be dismissed.

The Court has reviewed Judge Grand's Report and Recommendation and finds that it is well-reasoned and supported by the applicable law. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report … to which objection is made." *Id*.

Where, as here, neither party has lodged objections to the report, the district court is not obligated to independently review the record. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). The Court will, therefore,

1

accept Judge Grand's Report and Recommendation of August 23, 2023, as this Court's findings of fact and conclusions of law.

Since Judge Grand entered his Report and Recommendation on the docket, the Court received two requests for recruited counsel from Plaintiff Shondrey Arrington. In the first of these requests, Arrington asks for a lawyer to help him negotiate a settlement to his claims (ECF No. 42). In the second, Arrington accuses Defendants of fabricating evidence and tricking him into signing documents concerning a possible settlement, and he asks for a lawyer to assist him in proving these accusations of malfeasance (ECF No. 43).

There is no right to recruitment of counsel in federal civil cases. *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers volunteer their services in some cases."). In evaluating whether exceptional circumstances justify exercising the statutory discretion under 28 U.S.C. § 1915(e) to ask a lawyer to volunteer her services in a civil case, courts consider: (1) the probable merit of the claims; (2) the nature of the case; (3) the complexity of the legal and factual issues raised; and (4) the ability of the litigant to represent himself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005).

Given this framework, both of Arrington's requests for counsel will be denied. While all self-represented litigants undoubtedly could benefit

from the assistance of counsel, Arrington's submissions do not describe any exceptional circumstances justifying recruitment of counsel. His claims that deputies interfered with his mail, medication, and food and spread rumors about him and that he did not receive appropriate medical care are not unusually complex. Moreover, as the Court is adopting Judge Grand's Report and Recommendation to enter summary judgment in favor of Defendants, and neither of Arrington's requests identify any steps counsel could take to assist him in gathering evidence to prove the merits of his claims, the Court sees no benefit in attempting to find a lawyer for Arrington at this stage in the litigation.

Accordingly, it is hereby **ORDERED** that Judge Grand's Report and Recommendation of August 23, 2023 (ECF No. 40) is **ACCEPTED** and **ADOPTED**. It is **FURTHER ORDERED** that Arrington's requests for recruited counsel (ECF Nos. 42 & 43) are **DENIED**. It is **FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

This is a final order that closes this case.

**SO ORDERED** this 26th day of October, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge