## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **SHRONDREY ARRINGTON,** | **2:21-CV-12433-TGB-DRG** |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 47)** |
| vs. | **AND STRIKING DEFENDANTS' RESPONSE (ECF NO. 48)** |
| **DEPUTY BOOSE, *et al.*,** | |
| Defendant. | |

Plaintiff Shrondrey Arrington seeks reconsideration of this Court's October 26, 2023 Order, which adopted Magistrate Judge Anthony P. Patti's Report and Recommendation to enter summary judgment in favor of Defendants and dismiss the case and denied Arrington's later-arriving request for recruited counsel.

Motions for reconsideration of final orders and judgments are not permitted under local rules. *See* L.R. 7.1(h)(1). The October 26, 2023 order adopting Judge Patti's Report and Recommendation was such a final order. Nonetheless, the Court acknowledges that Arrington is proceeding without a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court will therefore interpret Arrington's filing as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

Rule 60(b) allows a party to file a motion to "seek relief from a final judgment, and request reopening, under a limited set of circumstances

1

including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). It enumerates six grounds for relief:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). It does not set a deadline for filing but instructs that such a motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed R. Civ. P. 60(c).

In his submission, Arrington reasserts the same kinds of arguments he made in his requests for a lawyer after Judge Patti entered his Report and Recommendation. Specifically, Arrington claims that Defendants obtained his signature on certain documents through false pretenses and malfeasance. Arrington further alleges that, since his deposition in this case, jail officials "have been using some type of technology … to control [his] daily activities" which has the capacity to "distort [his] vision [and] speech, make [him] smile, sever[ely] depressed, happy, [and] take control of [his] body movements."

2

None of these statements identifies a mistake, newly discovered evidence, fraud, or another inequitable circumstance that have any effect on the Court's reasoning in granting Defendants' motion for summary judgment. Arrington's motion therefore does not supply a basis for granting Rule 60(b) relief and must be **DENIED**. The Court acknowledges that Arrington is experiencing hardships in jail, but it is unable to provide the kind of relief he needs.

To the extent that Arrington seeks reconsideration of the portion of the Court's order denying his request for recruited counsel, a motion for reconsideration can only be brought on grounds that:

> (A) The Court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B) An intervening change in controlling law warrants a different outcome; or
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

L.R. 7.1(h)(2).

Arrington has not identified a mistake, new evidence, or an intervening change in the law, so his motion must be **DENIED**.

One final matter. Defendants filed a response to Arrington's motion on the same day it was entered on the Court's docket. Under Local Rule 7.1(h)(3), responses to motions for reconsideration are not permitted unless the Court so orders. The response therefore will be **STRICKEN.**

3

Arrington's Motion for Reconsideration (ECF No. 47) is **DENIED**.

Defendant's Response (ECF No. 48) is **STRICKEN** as improper.

**IT IS SO ORDERED** this 29th day of November, 2023.

BY THE COURT:


/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

4